UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE


Jerome L. Grimes

     v.                                    Civil No. 17-cv-266-SM

Southern New Hampshire University


                **SUPERSEDING REPORT AND RECOMMENDATION**

     This Superseding Report and Recommendation replaces the

August 11, 2017 Report and Recommendation (Doc. No. 6) ("August

11 R&R"), which this court has withdrawn in an Order issued on

this date.

     Plaintiff Jerome L. Grimes has filed a Complaint (Doc. No.

1) and an Amended Complaint (Doc. No. 8), which are before this

court for preliminary review, pursuant to LR 4.3(d) and 28

U.S.C. § 1915(e)(2).  Grimes also filed a "Reply Objection to

Report and Recommendation" (Doc. No. 7) after the court issued

the August 11 R&R (Doc. No. 6) vacated this date.  The court has

considered the factual assertions in Document No. 7, along with

those in the complaint (Doc. No. 1) and amended complaint (Doc.

No. 8) in conducting this preliminary review.[1]  Also before the

---

    [1]Grimes filed Document Nos. 1, 7, and 8 while in the "trial
competency program" at the Springfield Hospital Center in
Sykesville, Maryland.  This court is authorized to screen
Grimes's pleadings, pursuant to LR 4.3(d) and 28 U.S.C.

court are Grimes's requests for a preliminary injunction, set forth in the complaint (Doc. No. 1) and amended complaint (Doc. No. 8).

**Background**

Grimes's pleadings (Doc. Nos. 1, 7, 8) allege that Grimes has enrolled in a 30-month online sports management graduate program at Southern New Hampshire University ("SNHU"). Grimes applied for and obtained financial aid in the form of a loan, guaranteed by the U.S. Department of Education, to pay tuition for courses in that program.

Grimes asserts he enrolled in an online sports management field methods course at SNHU, which was scheduled to run from April 2017 through June 2017. SNHU accepted a disbursement of Grimes's federally-insured student loan to pay for that course.

---

§ 1915(e)(2), before inquiring further as to the applicability of Fed. R. Civ. P. 17(c)(2). See Mahoney v. Hearst Corp., No. 13-cv-12994-LTS, 2015 WL 686814, at *2, 2015 U.S. Dist. LEXIS 19253, at *4 (D. Mass. Feb. 17, 2015) ("'[i]n the context of unrepresented litigants proceeding in forma pauperis," court's inquiry as to application of Rule 17 "'would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)'" (citation omitted)), appeal filed, No. 15-1518 (1st Cir. May 5, 2015); see also Hartmann v. Carroll, 582 F. App'x 111, 113 (3d Cir. 2014) ("A trial court contemplating appointment of a representative or counsel in a civil case must first find 'that the plaintiff's claim has arguable merit in fact and law.'" (citations omitted) (emphasis in original)).

Grimes could not complete the course and received a failing grade in June 2017.  Sometime after June 26, 2017, Grimes received notice that the "F" he received had been withdrawn by the professor.  See Doc. No. 7, at 2.

Grimes asserts that on June 14, 2017, SNHU financial aid office staff members, agents, student advisors, and co-conspirators, in Grimes's view, inspired by a "hidden agenda," effectively "blacklisted" or "discriminat[ed]" against Grimes, by preventing him from accessing federally insured student loan funds to pay for future courses at SNHU.  Grimes alleges that SNHU's alleged discriminatory conduct has violated Titles III, IV, and IX and other federal laws.  Grimes seeks preliminary injunctions granting him access to student loan funds at SNHU, and an order firing unnamed "state actors" from remaining in the employ of schools or universities that receive federal funds.

## Discussion

I. **Preliminary Review**

The magistrate judge conducts a preliminary review of pleadings like Grimes's, which are filed in forma pauperis.  See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from

3

the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Stripped of legal conclusions, Grimes's bald assertions of discrimination under Titles III, IV, and IX, and other laws are not actionable as they fail to assert sufficient facts to state any claim upon which relief might be granted. Grimes's claims of discrimination under Titles III, IV, and IX are conclusory and do not allege facts to show that Grimes was treated differently than any similarly-situated individuals on the basis of sex, race, disability, or any other classification.

Grimes has also failed to state claims based on 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments. SNHU is a private university. Given the absence of allegations of state action here, Grimes has not stated actionable claims of violations of his federal constitutional rights, and 42 U.S.C. § 1983 does not provide Grimes with a remedy. Cf. Murphy v. Villanova Univ., 547 F. Supp. 512, 517-18 (E.D. Pa. 1982)

4

(private university not liable under section 1983 as plaintiff failed to show university engaged in "state action"), aff'd, 707 F.2d 1402 (3d Cir. 1983).

## II. **Preliminary Injunction**

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

For the reasons stated herein, plaintiff has not demonstrated a likelihood of success on the merits of his claims. Further, Grimes has not asserted any facts to demonstrate that he will suffer irreparable harm if his requests for dismissal of various individuals from their jobs and for access to student loan funds, are not granted while this action remains pending. Accordingly, the district judge should deny Grimes's requests for injunctive relief.

5

## Conclusion

For the foregoing reasons, the district judge should dismiss this action, and deny Grimes's request for a preliminary injunction, without prejudice to plaintiff's ability to file a new motion for a preliminary injunction, showing why such relief is necessary, if the district judge does not approve the recommendation of dismissal. Any objections to this Superseding Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Superseding Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 31, 2017

cc: Jerome L. Grimes, pro se

6